Antonio J. AMBRIS, Petitioner—
Appellant,

v.

R.Q. HICKMAN, Warden, Respondent—
Appellee.

No. 03–16006.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 14, 2004.

Antonio J. Ambris, Law Offices of David A. Lander, Temecula, CA, pro se.

Ann C. McClintock, AFPD, Federal Public Defender's Office, Troy L. Nunley, DAG, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: MESKILL,* TROTT, and

* Hon. Thomas J. Meskill, Senior U.S. Circuit Judge for the Second Circuit, sitting by desig-

nation.

MCKEOWN, Circuit Judges.

## MEMORANDUM **

Antonio J. Ambris ("Ambris") appeals the district court's denial of his habeas corpus petition for failure to state a claim cognizable under federal habeas review. Ambris claims that his state criminal trial was fundamentally unfair because of prosecutorial misconduct, violating Ambris's Sixth Amendment right to "assistance of counsel and to confront the evidence against him" and his Fourteenth Amendment right to due process. Although Ambris states a claim cognizable under federal habeas review, we conclude that the claim lacks merit. Accordingly, we affirm.

## 1. Standard of Review

We review the district court's denial of a habeas petition de novo. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003). To review the state court decision underlying this habeas petition, we look to "the last reasoned decision, the state appellate court's decision." *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir.2000). Because Ambris's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2004).

## 2. Ambris Stated a Claim Cognizable Under Federal Habeas Review

■ To state a cognizable claim for federal habeas review, the petitioner must allege that he is in custody "in violation of the Constitution or laws ... of the United States," 28 U.S.C. § 2254(a), because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (internal quotation marks omitted). Ambris's original petition and "Petitioner's Clarification and Exhaustion of Claims" filing (both filed with the district court) stated a federal constitutional violation by making specific reference to the Sixth and Fourteenth Amendments to the United States Constitution.

## 3. There Was No Prosecutorial Misconduct

■ The California Court of Appeal found no prosecutorial misconduct when it affirmed Ambris's conviction, and we agree with its reasoning. Given the nature of the prosecution's case and testimony about career criminals elicited by Ambris's attorney, the prosecutor's comments in his closing argument portraying Ambris as a career criminal did not imply to the jury that he had a criminal record that they should consider in deciding the case.

Ambris was charged with a string of burglaries and burglary-related charges. When Ambris's attorney cross-examined Detective Schwabenland, the detective testified that a person who engages in a series of crimes against multiple victims might be a "career professional criminal." This evidence was admitted, and "[t]he prosecutor may argue all reasonable inferences from evidence in the record." *See United States v. Young*, 470 U.S. 1, 8, 105 S.Ct. 1038, 84 L.Ed.2d 1 n.5 (1985) (quoting ABA STANDARDS FOR CRIMINAL JUSTICE Rule 3–5.8 when it found prosecutorial misconduct). Therefore, the prosecutor's contention that Ambris was a "career criminal" and a "professional thief" was simply a reasonable inference, based on Detective Schwabenland's testimony and the evidence in the case, and not misconduct.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Thus, the California Court of Appeal correctly concluded that there was no prosecutorial misconduct, and its decision was not contrary to or an unreasonable application of clearly established federal law.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.